**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BENNY LITSON,

Defendant-Appellant.

No. 97-2056
(D.C. No. 95-CR-579-BB)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **LOGAN**, and **LUCERO**, Circuit Judges.

Defendant Benny Litson appeals the district court's restitution order following his guilty plea to the charge of conspiracy to commit embezzlement from a tribal organization. We affirm.[1]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant was ordered to pay restitution in the amount of $4,127.58, the value of nine head of cattle stolen from Chester Yazzie. Defendant had included those cattle on a fraudulent Navajo Livestock Inspection Certificate which permitted him to sell them without having them inspected. A proper inspection would have revealed that they had been stolen. Defendant claimed that he had purchased the cattle from one Rose Sandman and that he did not know they had been stolen from Mr. Yazzie. The district court found no need for an evidentiary hearing because the only disputed fact was whether defendant knew the cattle were stolen and neither side had any evidence relevant to that issue.

On appeal, defendant claims that the district court erred in failing to receive evidence on the question of whether he had stolen the cattle and to permit him to contest the amount of the restitution order. He also complains that a specific finding that he had stolen the livestock was not made. Citing Hughey v. United States, 495 U.S. 411, 413 (1990), defendant apparently argues that he was improperly required to pay restitution for a loss caused by conduct other than the conduct for which he was convicted.

We review the district court's findings of fact underlying a restitution order for clear error. See United States v. Copus, 110 F.3d 1529, 1537 (10th Cir. 1997). "[T]he amount of the restitution order is reviewed for abuse of discretion." Id. The 1990 amendments to the Victim and Witness Protection Act,

18 U.S.C. §§ 3663-3664, apply to defendant's offense, which occurred on or about October 8, 1991.

At the sentencing hearing, defendant was afforded an opportunity to present evidence, but he declined. Contrary to defendant's position, a finding that he had stolen the livestock was not a prerequisite to a restitution order. Restitution was appropriate based on defendant's conduct in conspiring to obtain a fraudulent inspection certificate to facilitate the sale of Mr. Yazzie's stolen cattle. See 18 U.S.C. § 3663(a)(2) (restitution may be ordered for victim of conspiracy to "any person directly harmed by the defendant's criminal conduct in the course of the . . . conspiracy"). Even though § 3663(a)(2) supersedes Hughey, see, e.g., United States v. Hensley, 91 F.3d 274, 276-77 (1st Cir. 1996), the restitution order in this case comports with Hughey because it was for a loss caused by the conduct that formed the basis of defendant's conviction.

Defendant did not object to the amount of restitution, except to argue that the amount of the loss should have been limited to the value of the inspection certificate, $9.00. The presentence investigation report indicates that defendant sold Mr. Yazzie's cattle for the sum of $4,127.58, the amount of the restitution order. Accordingly, we hold that the government carried its burden of demonstrating the amount of the loss sustained by Mr. Yazzie, see 18 U.S.C.

§ 3664(e), and we find no abuse of discretion in the restitution order.

AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge